UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT PRITSKER,
    Plaintiff,

v.

THEODORE MCKEE,
    Defendant.

No. 3:16-cv-702 (SRU)

# ORDER

On May 9, 2016, the plaintiff, Robert Pritsker, acting *pro se* filed a complaint against the Honorable Theodore McKee, Chief Judge of the Third Circuit Court of Appeals, claiming Judge McKee had violated his due process rights by not requiring a panel of the Third Circuit—which panel does not include McKee as a member—to rule on a motion filed in a pending appeal. (doc. 1) On May 16, 2016, I ordered Pritsker to show cause why the case should not be dismissed for lack of standing or because Judge McKee's alleged conduct was protected by judicial immunity. (doc. 8) Pritsker filed his response on June 3, 2016. (doc. 9)

Pritsker has failed to show why the case should not be dismissed. To avoid the judicial immunity doctrine, he argues that Judge McKee was acting in a purely administrative capacity when he failed to exercise his power on the Third Circuit's Judicial Council to generally supervise and ensure the efficient administration of cases in his circuit. But Pritsker does not complain about the general activities of the Judicial Council—rather, he seeks to compel Judge McKee to take a specific action on a specific motion. In *Rodriguez v. Weprin*, 116 F. 3d 62 (2d Cir. 1997), the Second Circuit rejected a similar complaint alleging that court clerks violated a plaintiff's due process by failing to properly manage the court calendar as barred by judicial immunity. *Id.* at 66. The *Rodriguez* court observed that:

> A court's inherent power to control its docket is part of its function of resolving disputes between parties. This is a function for which judges and their supporting staff are afforded absolute immunity.

*Id. Rodriguez* thus makes clear that Pritsker impermissibly seeks to bring a claim against McKee for what would be a judicial act.

Pritsker has also failed to show standing, which requires at least a plausible allegation that Judge McKee's failure to act *caused* the delay in Pritsker's specific case. Specifically, Pritsker has failed to plausibly allege that Judge McKee's position as the head of the Judicial Council for the Third Circuit would confer upon him the power to direct other judges to take specific actions in a case.

Accordingly, Pritsker's complaint is **dismissed** *sua sponte. See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee . . . ."). The Clerk shall close the file.

So ordered.

Dated at Bridgeport, Connecticut, this 18th day of July 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge